UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WRIGHT | CIVIL ACTION |
| VERSUS | NO: 10-2108 |
| SHELL OFFSHORE, INC., ET. AL. | SECTION: J(4) |

**ORDER AND REASONS**

Before the Court are Defendant 3M Company's **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 62)**, Plaintiffs' **Memorandum in Opposition (Rec. Doc. 63)**, and Defendant 3M Company's **Reply Memorandum in Support (Rec. Doc. 66).**

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

Plaintiffs Eric and Carolyn Wright filed suit on July 27, 2010, alleging that Mr. Wright was injured when he was exposed to benzene-containing chemicals and solvents from 1976 to 2009 while working for various employers aboard various vessels. The Original Complaint (Rec. Doc. 1) asserts Jones Act claims of unseaworthiness and maintenance and cure against Mr. Wright's former employers, as well as products liability claims against "Manufacturer Defendants." The Manufacturer Defendants include Shell Oil Company, Permtex Incorporated, Radiation Specialty Company , LPS Laboratories, Henkel Loctite Corporation, WD-40

1

Corporation, W.M. Barr, and Minnesota Mining and Manufacturing Company ("3M Company").

Mr. Wright died on August 8, 2010, after suffering from Acute Myelogenous Leukemia, leaving Mrs. Wright as his surviving spouse and personal representative pursuant to his living will. Accordingly, Plaintiffs' First Supplemental and Amending Complaint (Rec. Doc. 52) was filed on December 22, 2010, to add wrongful death and survival claims. Defendant 3M Company, one of the Manufacturer Defendants, filed the instant motion to dismiss the claims against it, and Plaintiffs have opposed the motion.

## THE PARTIES' ARGUMENTS

In its Motion to Dismiss for Failure to State a Claim (Rec. Doc. 62), Defendant 3M Company argues that Plaintiffs' claims against it should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs have failed to plead a single factual allegation showing what 3M Company product, if any, was used by Mr. Wright, when in his thirty-year work history any such product was used, how Mr. Wright was exposed to any 3M Company product, or why 3M Company is alleged to be liable for Mr. Wright's injuries. Furthermore, Defendant 3M Company asserts that Plaintiffs' allegations against the Manufacturer Defendants are little more than recitations of the legal elements of their

various claims.  Plaintiffs respond in their Memorandum in Opposition (Rec. Doc. 63) and argue that they have sufficiently plead their allegations against Defendant 3M Company in order to survive dismissal under Rule 12(b)(6).  Moreover, if the Court finds that Plaintiffs' complaint is insufficient, Plaintiffs request that they be allowed to amend their complaint.  In its Reply Memorandum in Support (Rec. Doc. 66), Defendant 3M Company states that Plaintiffs applied the incorrect legal standard and, under the correct legal standard, have failed to plead sufficient factual allegations.

**DISCUSSION**

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests."  Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005).  The allegations "must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, __U.S.__, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550

U.S. 544, 547 (2007)).  A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Iqbal</u>, 129 S.Ct. at 1949.  "A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff.  <u>Lormand v. U.S. Unwired, Inc</u>., 565 F.3d 228, 232-33 (5th Cir. 2009); <u>Baker v. Putnal</u>, 75 F.3d 190, 196 (5th Cir. 1996).  The Court is not, however, bound to accept as true legal conclusions couched as factual allegations.  <u>Iqbal</u>, 129 S.Ct. at 1949–50.

In this case, the Court finds that Plaintiffs have sufficiently plead enough facts to give Defendant 3M Company fair notice of the claims against it in order to survive dismissal under Rule 12(b)(6).  Given the limited discovery expected of plaintiffs at the pleadings stage of the litigation and the strict liability imposed on product manufacturers, Plaintiffs' lack of certain specific factual allegations as to Defendant 3M Company does not necessitate a dismissal of those claims.  The Court finds that Plaintiffs have plead enough facts to state a claim for relief that is plausible on its face and to give Defendant 3M Company fair notice of those claims.

Accordingly, **IT IS ORDERED** that Defendant 3M Company's

**Motion to Dismiss for Failure to State a Claim (Rec. Doc. 62)** is

**DENIED.**

New Orleans, Louisiana, this 16th day of February, 2011.

*[signature]*

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE