UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WRIGHT | CIVIL ACTION |
| VERSUS | NO: 10-2108 |
| SHELL OFFSHORE, INC., ET. AL. | SECTION: J(4) |

**ORDER AND REASONS**

Before the Court is Defendant United States Steel Corporation's **Motion to Continue Trial and Pre-Trial Deadlines (Rec. Doc. 117)** and Plaintiffs' **Memorandum in Opposition (Rec. Doc. 121).**

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

Plaintiffs Eric and Carolyn Wright filed suit on July 27, 2010, alleging that Mr. Wright was injured when he was exposed to benzene-containing chemicals and solvents from 1976 to 2009 while working for various employers aboard various vessels. The Original Complaint (Rec. Doc. 1) asserts Jones Act claims of unseaworthiness and maintenance and cure against Mr. Wright's former employers, as well as products liability claims against various manufacturers.

Mr. Wright died on August 8, 2010, after suffering from Acute Myelogenous Leukemia, leaving Mrs. Wright as his surviving

1

spouse and personal representative pursuant to his living will. Accordingly, Plaintiffs' First Supplemental and Amending Complaint (Rec. Doc. 52) was filed on December 22, 2010, to add wrongful death and survival claims.  On November 7, 2011, the United States Magistrate Judge granted Plaintiffs leave to file their Second Amended Complaint, in which Plaintiffs named United States Steel Corporation ("U.S. Steel") as an additional defendant (Rec. Docs. 96, 97).  Shortly thereafter, U.S. Steel filed the instant Motion to Continue Trial and Pretrial Deadlines.

**PARTIES' ARGUMENTS**

Because it has only recently been added as a defendant in this case, U.S. Steel argues that it would be prejudiced if it is forced to conduct all discovery and prepare a defense before the May 21, 2012 trial date.  Plaintiff argues that U.S. Steel has not made the required showing of "good cause" for granting the continuance.

**DISCUSSION**

F.R.C.P. 16 (b)(4) provides that the Court's Scheduling Order may be modified for good cause.  The Court has wide discretion to amend scheduling orders and continue existing trial dates.  The Fifth Circuit has explained that "an amendment of a

pretrial order should be permitted where no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the inconvenience to the court is slight." Sherman v. United States, 462 F.2d 577, 578 (5th Cir. 1972). In this case, in light of the fact that U.S. Steel was only recently named a party to this suit, the Court finds that good cause exists for granting the continuance, and that the refusal to grant the continuance will cause it undue prejudice in preparing its defense. Accordingly,

**IT IS ORDERED** that U.S. Steel's Motion to Continue Trial and Pretrial Deadlines is **GRANTED.** As a result, the oral argument on said Motion, currently set for Wednesday, December 21, 2011, at 9:30 a.m. is hereby **CANCELED.**

**IT IS FURTHER ORDERED** that a scheduling conference to set a new trial date and pretrial deadlines will be held by telephone by the Court's Case Manager on **January 4, 2012 at 2:45 p.m.**

New Orleans, Louisiana, this 16th day of December, 2011.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE