UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERIC C. WRIGHT, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-2108** |
| **SHELL OFFSHORE, INC., ET AL.** | **SECTION: "J" (4)** |

## ORDER

Before the Court is a **Motion to Compel WD-40 Company (R. Doc. 93)** filed by Plaintiffs Eric C. and Carolyn Wright ("Plaintiffs")[1], seeking an order from this Court requiring Defendant WD-40 Company ("WD-40") to provide supplemental responses to Plaintiffs' discovery requests. The motion is opposed. (R. Doc. 102.) The motion was heard with oral argument on Wednesday, November 16, 2011.

**I.      Factual Background**

Plaintiffs filed this personal injury lawsuit against Defendants pursuant to the Jones Act, 46 U.S.C. § 30104, *et seq.*, General Maritime and Admiralty law. (R. Doc. 97, ¶¶ I, III.) Plaintiffs claim that while working as a mechanic for Defendants on various vessels from 1976 to 2009[2], Plaintiff Eric C. Wright ("Wright") was exposed to benzene-containing chemicals and solvents. (R.

---

[1] Although the parties' pleadings state that Plaintiff Eric C. Wright is now deceased and that the discovery requests were propounded by Plaintiff Carolyn Wright only, the Court will refer to both parties as Plaintiffs, as Mr. Wright has not been terminated from the case.

[2] Plaintiffs allege Mr. Wright worked for the following employers, Shell Offshore, Inc.; P.G.S. Americas, Inc.; DWS International, Inc.; C.G.G. Veritas International (U.S.) Inc. (R. Doc. 97, ¶¶ V-IX.) Plaintiffs also allege Mr. Wright worked for a company named Geomotive, however, that party is not listed as a party to this litigation.

Doc. 97, ¶ V.)  Plaintiffs allege Mr. Wright's exposure to these chemicals caused or contributed to his medical condition, leukemia, and his eventual death. (R. Doc. 97, ¶¶ Va, XXI.)  Plaintiffs allege that Mr. Wright's injuries were solely and proximately caused by Defendants' negligence and the unseaworthiness of Defendants' respective vessels. (R. Doc. 97, ¶ XII.)  Plaintiffs further allege that Defendants wrongfully failed to provide Mr. Wright with maintenance and cure benefits. (R. Doc. 97, ¶ XIII.)

Plaintiffs' complaint also alleges a claim of strict product liability against the manufacturer Defendants.[3] (R. Doc. 97, ¶¶ XIV, XX.)  Plaintiffs allege that the manufacturer Defendants knew or should have known that, as a user of the alleged defective products, Mr. Wright was at risk for developing leukemia. (R. Doc. 97, ¶¶ XIV-XXII.)  Plaintiffs further allege that the manufacturer Defendants failed to warn or insufficiently warned Mr. Wright of the inherently dangerous nature of their products. (R. Doc. 97, ¶ XXI.)  Plaintiffs seek damages for Mr. Wright's injuries and death, as well as maintenance and cure benefits, and attorney's fees and costs. (R. Doc. 97, ¶¶ XIII, XXIII, XXIV.)

As to the instant motion, Plaintiffs seek an order from this Court requiring WD-40 to provide supplemental responses to Plaintiffs' Interrogatory Number 2 and Request for Production Number 1.  Plaintiffs contend that WD-40's responses are evasive and inadequate.  WD-40 contends that it sufficiently supplemented its responses, and opposes the motion.

---

[3] These Defendants include Shell Oil Co., Permatex Inc., Radiator Specialty Co., LPS Laboratories, Henkel Corporation, WD-40 Corporation, W.M. Barr, Minnesota Mining and Manufacturing Company, and United States Steel Corporation.  (R. Doc. 97, ¶¶ IXa, XIV.)

## II.     Standard of Review

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). The discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 177 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)) Further, it is well established that "control of discovery is committed to the sound discretion of the trial court . . ." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(C). In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. Fed.R.Civ.P. 26(b)(2)(C)(iii).

## III.    Analysis

At issue are WD-40's answers to Interrogatory Number 2 and Request for Production

Number 1.  Plaintiffs claim that the two products at issue are: (1) the WD-40 spray product; and (2) the 3-in-One oil product.  Interrogatory Number 2 requests the following:

> For WD-40 Laboratories products below:
> For the years 1966-2010: WD-40 Lubricant, Aerosol and 3-In-One Oil, Oil, Multi Purpose
> Please provide answers to the following questions a-j:
> a. The full and correct name(s) of the product;
> b. The percentage or amount of benzene in each product;
> c. The parts per million (ppm) benzene content of each product;
> d. The seller(s), distributor(s) and/or supplier(s) from whom Defendant purchased chemicals placed in the product;
> e. The foreseeable users of the product (such as custodians, laborers, industry specific applications, etc.);
> f. A description of any warnings that Defendant placed on the product or its packaging, operating manuals, brochures, catalogs, or other related printed material. This description should include the precise language of the warning, the size of the warning, the location on the product or its packaging where the warning was printed, when the warning was first placed on the product and the time period the warning has been on the product;
> g. If it is your contention that you took the proper precautions to protect users of your benzene-containing product(s) from potential hazards associated with the use of said benzene containing product(s), please identify any such precautions and actions taken by you;
> h. When Defendant became aware of possible substitutes for the benzene-containing product;
> I. The amount of exposure WD-40 Laboratories expected to occur at the breathing zone of an end-user;
> j. Records of sales of the above products from this Defendant to any of Plaintiff's employers as set forth in the petition of this case; and
> k. Any change in the warning or label from 1967 to present.

Request for Production Number 1 requests the documents forming the basis of WD-40's response to Interrogatory Number 2.  WD-40 objected to Interrogatory Number 2 on the basis that it is vague, ambiguous, overly broad, unduly burdensome, harassing, seeks irrelevant information, and assumes facts not in evidence.  WD-40 further stated that the specific ingredients and formulation of its products are privileged trade secrets.  (R. Doc. 93-3, p. 7-12.)  WD-40 objected to Request for Production Number 1 on the basis that it is overly broad, unduly burdensome, not properly limited,

and not reasonably calculated to lead to the discovery of admissible evidence.

In support of their motion, Plaintiffs argue that despite an agreement by the parties that WD-40 would supplement its responses to Interrogatory Number 2 and Request for Production Number 1, WD-40 has failed to provide Plaintiffs with supplemental responses. Plaintiffs further argue that WD-40's objections fail to meet the specificity requirements under Rules 33 and 34, and that WD-40 has not met its burden of demonstrating that the requested information and documents are privileged, or are a trade secret.

In opposition, WD-40 argues that Plaintiffs failed to confer or attempt to confer with WD-40 as required by Rule 37. WD-40 contends that during the parties' discovery conference[4], the parties agreed to limit their discovery dispute to Interrogatory Number 2 and Request for Production Number 1, and WD-40 3-in-One Oil and 3-in-One Multi-Purpose Oil. WD-40 contends that it subsequently submitted supplemental responses to Plaintiffs, in accordance with the parties' agreement. WD-40 argues that it did not learn of the alleged continuing discovery dispute until Plaintiffs filed the instant motion, and that at no time following their receipt of WD-40's supplemental responses did Plaintiffs advise WD-40 that its supplemental responses were inadequate.

During the hearing, Defendant's counsel argued that during the parties' discovery conference, Plaintiffs' counsel stated that Plaintiffs were satisfied with Defendant's responses to Interrogatory Number 2 and Request for Production Number 1. The parties further agreed, however, that Defendant would supplement its responses with information about WD-40 3-in-One Oil and 3-in-One Multipurpose Oil, which Defendant subsequently provided to Plaintiffs.

---

[4]The parties dispute as to whether this conference took place on August 26, 2011 (R. Doc. 102, p. 1) or September 1, 2011(R. Doc. 93-1).

When asked whether there were any continuing issues with Defendant's supplemental responses to Interrogatory Number 2 and Request for Production Number 1, Plaintiffs' counsel generally responded that WD-40's responses were incomplete, but was unable to provide the Court with any specifics. Instead, Plaintiffs' counsel stated that co-counsel, who was not in attendance at the hearing, was in possession of this information. Because Plaintiffs' counsel was unable to specifically identify any continuing discovery issues, concluded that Defendant had sufficiently supplemented its responses to Interrogatory Number 2 and Request for Production Number 1 in accordance with the parties' agreement, and that there were no continuing discovery disputes.

**IV.   Conclusion**

Accordingly,

**IT IS ORDERED** that **Motion to Compel WD-40 Company(R. Doc. 93)** is hereby **DENIED.**

New Orleans, Louisiana, this 25th day of January, 2012.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**