UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ERIC C. WRIGHT, ET AL.**                                    CIVIL ACTION

**VERSUS**                                                    NO: 10-2108

**SHELL OFFSHORE, INC., ET AL.**                              SECTION: "J" (4)

## ORDER

Before the Court is **Plaintiffs' Motion to Quash Notice of Deposition and/or for Protective Order (R. Doc. 135)**, filed by Plaintiffs Eric C. and Carolyn Wright ("Plaintiffs")[1], seeking an order from this Court (1) quashing the deposition of non-party witness Joseph O'Quain, Jr. ("Mr. O'Quain"), noticed by Defendant United States Steel Corporation ("U.S. Steel") for May 17, 2012 at 9:00 a.m.; and (2) requiring the deposition to take place at 3:00 p.m. on May 17, 2012, as noticed by Plaintiffs. The motion is opposed. (R. Doc. 141.) The motion was heard with oral argument on May 16, 2012.

**I.  Factual Background**

Plaintiffs filed this personal injury lawsuit against Defendants pursuant to the Jones Act, 46 U.S.C. § 30104, *et seq.*, General Maritime and Admiralty law. (R. Doc. 97, ¶¶ I, III.) Plaintiffs

---

[1] Although Plaintiffs' motion suggests that Plaintiff Eric C. Wright is now deceased and that the order quashing U.S. Steel's notice of deposition is sought by Plaintiff Carolyn Wright only, the Court will refer to both parties as Plaintiffs, as Mr. Wright has not been terminated from the case.

claim that while working as a mechanic for Defendants on various vessels from 1976 to 2009[2], Plaintiff Eric C. Wright ("Mr. Wright") was exposed to benzene-containing chemicals and solvents. (R. Doc. 97, ¶ V.) Plaintiffs allege Mr. Wright's exposure to these chemicals caused or contributed to his medical condition, leukemia, and his eventual death. (R. Doc. 97, ¶¶ Va, XXI.) Plaintiffs allege that Mr. Wright's injuries were solely and proximately caused by Defendants' negligence and the unseaworthiness of Defendants' respective vessels. (R. Doc. 97, ¶ XII.) Plaintiffs further allege that Defendants wrongfully failed to provide Mr. Wright with maintenance and cure benefits. (R. Doc. 97, ¶ XIII.)

Plaintiffs' complaint also alleges a claim of strict product liability against a number of manufacturer Defendants, including U.S. Steel.[3] (R. Doc. 97, ¶¶ XIV, XX.) Plaintiffs allege that the manufacturer Defendants knew or should have known that, as a user of the alleged defective products, Mr. Wright was at risk for developing leukemia. (R. Doc. 97, ¶¶ XIV-XXII.) Plaintiffs further allege that the manufacturer Defendants failed to warn or insufficiently warned Mr. Wright of the inherently dangerous nature of their products. (R. Doc. 97, ¶ XXI.) Plaintiffs seek damages for Mr. Wright's injuries and death, as well as maintenance and cure benefits, and attorney's fees and costs. (R. Doc. 97, ¶¶ XIII, XXIII, XXIV.)

As to the instant motion, Plaintiffs' seek an order from this Court (1) quashing the deposition of non-party witness Mr. O'Quain, noticed by U.S. Steel for May 17, 2012 at 9:00 a.m.; and (2)

---

[2]Plaintiffs allege Mr. Wright worked for the following employers, Shell Offshore, Inc.; P.G.S. Americas, Inc.; DWS International, Inc.; C.G.G. Veritas International (U.S.) Inc. (R. Doc. 97, ¶¶ V-IX.) Plaintiffs also allege Mr. Wright worked for a company named Geomotive, however, that party is not listed as a party to this litigation.

[3]These Defendants include Shell Oil Co., Permatex Inc., Radiator Specialty Co., LPS Laboratories, Henkel Corporation, WD-40 Corporation, W.M. Barr, Minnesota Mining and Manufacturing Company, and United States Steel Corporation. (R. Doc. 97, ¶¶ IXa, XIV.)

2

requiring the deposition to take place at 3:00 p.m. on May 17, 2012, as noticed by Plaintiffs. Plaintiffs argue that U.S. Steel unilaterally noticed the deposition of Mr. O'Quain for May 17, 2012 at 9:00 a.m. after the parties had already agreed to depose Mr. O'Quain at 3:00 p.m. on that date. Plaintiffs contend that neither Mr. O'Quain or Plaintiffs' counsel are available for a deposition at 9:00 a.m. on May 17, 2012. Thus, they should not be required to attend the deposition.

In opposition, U.S. Steel contends that since November 2011, Defendants have repeatedly requested available dates to notice Mr. O'Quain's deposition, with the expectation that they would notice the deposition. It argues that it has no objection to starting the deposition at 3:00 p.m. on May 17, 2012, as long as Defendants are permitted to question Mr. O'Quain before Plaintiffs' counsel.

## II. **Standard of Review**

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). The discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 177 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)) Further, it is well established that "control of discovery is committed to the sound discretion of the trial court . . ." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(C). In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. Fed.R.Civ.P. 26(b)(2)(C)(iii).

### III. Analysis

Plaintiffs contend that on May 2, 2012 - after confirming counsel for U.S. Steel's availability - it issued a notice of deposition of non-party witness, Mr. O'Quain, for May 17, 2012 at 3:00 p.m., the earliest date all parties were available. Subsequently, counsel for U.S. Steel demanded the opportunity to depose Mr. O'Quain before Plaintiffs. A few days later, on May 8, 2012, U.S. Steel unilaterally noticed the deposition of Mr. O'Quain for 9:00 a.m. on the same date.

Plaintiffs argue that nine (9) days is not sufficient notice. Plaintiffs further argue that the 9:00 a.m. deposition will present a burden to Mr. O'Quain, who does not get off from work until 2:00 p.m. and does not wish to lose time from work, and Plaintiffs' counsel, who must appear from a hearing in the U.S. District Court for the Middle District of Louisiana the morning of May 17, 2012.

In opposition, U.S. Steel argues that Defendants have repeatedly requested available dates to notice Mr. O'Quain's deposition, and repeatedly expressed their intention to notice his deposition. Because Mr. O'Quain is Plaintiffs' witness, and because his deposition will not be used as a

perpetuation deposition, U.S. Steel argues Defendants have the right to depose Mr. O'Quain before Plaintiffs' counsel. It contends that it has no objection to starting the deposition at 3:00 p.m. on May 17, 2012, as long as Defendants are permitted to question Mr. O'Quain before Plaintiffs' counsel.

During the hearing on the matter, counsel for U.S. Steel informed the Court that Mr. Wright was never deposed, as he died from leukemia shortly after filing this lawsuit. Counsel for U.S. Steel further informed the Court that, in his affidavit, Mr. O'Quain claims to have performed the same tasks as Mr. Wright on the same vessels as Mr. Wright 180 days per year for 19 years. (R. Doc. 141-1, pp. 12-14.) If Mr. O'Quain claims are true, he will be Plaintiffs' "star witness." Accordingly, counsel for U.S. Steel argued Mr. O'Quain's deposition will likely take more than one day. Counsel for U.S. Steel further informed the Court that national counsel for Defendant LPS Laboratories ("LPS") had already made arrangements to travel to Louisiana for the May 17, 2012 deposition.

In response, counsel for Plaintiffs' confirmed that Mr. O'Quain's deposition will be a discovery deposition that will likely take more than one day - not a perpetuation deposition. Counsel argued, however, that Mr. O'Quain should not be required to miss work. When asked what days Mr. O'Quain is scheduled to work, counsel was unable to verify Mr. O'Quain's work schedule.

In an attempt to resolve the issue, the Court ordered Plaintiffs's counsel to contact Mr. O'Quain to determine his availability for a deposition on Saturday, May 19, 2012. Plaintiffs' counsel was unable to reach Mr. O'Quain during the hearing.

However, after further discussions between counsel for Plaintiffs, counsel for U.S. Steel, and counsel for LPS, all counsel agreed to reschedule Mr. O'Quain's deposition for Thursday, May 24, 2012 at 9:00 a.m. Counsel for LPS further agreed to waive reimbursement for its national counsel's flight change fee. Counsel for U.S. Steel further agreed to withdraw its subpoena to Mr. O'Quain

for May 17, 2012 at 9:00 a.m., and re-subpoena him for Thursday, May 24, 2012 at 9:00 a.m.

When asked who initially requested Mr. O'Quain's deposition, counsel for Plaintiffs conceded that counsel for LPS sent the first request for deposition. Thus, the Court determined that it is appropriate for Defendants to question Mr. O'Quain first.

**IV.  Conclusion**

Accordingly,

**IT IS ORDERED** that **Plaintiffs' Motion to Quash Notice of Deposition and/or for Protective Order (R. Doc. 135)** is **DENIED AS MOOT**.

- As agreed by the parties during the hearing, Mr. O'Quain's deposition shall take place on Thursday, May 24, 2012 at 9:00 a.m.

- To the extent Thursday, May 24, 2012 at 9:00 a.m. conflicts with Mr. O'Quain's schedule, the deposition must be completed **no later than May 30, 2012**.

- Defendants will question Mr. O'Quain first.

New Orleans, Louisiana, this 17th day of May 2012.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**